**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-10406**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**STEVEN CARL BRADLEY,**

**Defendant-Appellant.**

**Appeal from the United States District Court**
**for the Northern District of Texas**
**(4:00-CR-163-1)**

December 17, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Steven Carl Bradley, co-founder of Mid-Cities Health Services (MCHS), appeals his convictions for mail fraud, conspiracy to commit mail fraud, and aiding and abetting mail fraud, in violation of 18 U.S.C. §§ 371, 1341, and 1342. Bradley maintains the evidence at trial was insufficient to prove he had the requisite intent to defraud. Bradley testified in his own defense.

The evidence regarding Bradley's involvement at MCHS supports finding he acted with a "conscious knowing intent to defraud". *United States v. Kreimer*, 609 F.2d 126, 128 (1980) (quoting *United States v. Kyle*, 257 F.2d 559, 564 (2d Cir. 1958)). At MCHS,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bradley was responsible for ordering equipment, signing claim forms, and paying bills. Therefore, it could be reasonably inferred that he knew about, and intended, MCHS' practices of: (1) overcharging insurance companies; (2) charging for items different than those actually sold; (3) charging for items not sold; and (4) double billing. Viewed in the requisite light most favorable to the verdict, the evidence was sufficient to show Bradley's intent to defraud. *See* **United States v. Ismoila**, 100 F.3d 380, 387 (5th Cir. 1996), *cert. denied*, **Lawanson v. United States**, 520 U.S. 1247 (1997), *and cert. denied*, **Debowale v. United States**, 520 U.S. 1219 (1997).

Bradley asserts that the district court erred in restricting his attempt, through cross-examination, to demonstrate the double billing was an error in every instance. The district court acted within its discretion when it prohibited defense counsel from redundantly asking a witness to glean the same information from several groups of documents that were already in evidence and available for the jury's review. Bradley has not demonstrated that the prohibition was clearly prejudicial. *See* **United States v. Restivo**, 8 F.3d 274, 278 (5th Cir. 1993), *cert. denied*, 513 U.S. 807 (1994). Nor, along this line, did the district court abuse its discretion in refusing to extend the allotted time for closing argument. *See* **United States v. Leal**, 30 F.3d 577, 586 (5th Cir. 1994) (noting, in rejecting assertion that defendants were denied enough time for closing argument, that the "defense [of] lack of intent ... did not require an elaborate presentation"), *cert. denied*, 513 U.S. 1182 (1995).

2

Bradley next contends that the district court improperly injected itself into cross-examination when it admonished Bradley's counsel not to refer to a subsequent bill as a "correction" of a previous bill because there was no evidence that the second bill was submitted as a "correction". Because Bradley did not object to the admonition, review is only for plain error. *See* **United States v. Gray**, 105 F.3d 956, 964 (5th Cir.), *cert. denied*, **Luchkowec v. United States**, 520 U.S. 1150 (1997), *and cert. denied*, **Gray v. United States**, 520 U.S. 1246 (1997)*, and cert. denied*, **Satz v. United States**, 521 U.S. 1128 (1997). Our review of the testimony and the questioned admonishments reveals no error, plain or otherwise.

**AFFIRMED**